## LYON *v.* UNION PAC. RY. Co.

*(Circuit Court, D. Colorado. May 11, 1888.)*

RAILROAD COMPANIES—ACCIDENTS TO TRAINS—PLEADING.

A complaint alleged in substance that plaintiff was an express messenger on defendant's train of cars: that the air-brake apparatus of the several coaches were different and not adjustable, and that by reason thereof, when the train was stopped at B. and the engine detached, the brakes were not set, and the train, by force of gravity, moved down a steep grade, and was thrown from the track, and plaintiff was injured; and also alleged that the accident occurred through defendant's employes negligently leaving the train without setting the brakes. *Held*, that the complaint stated a good cause of action.

At Law. Action for damages. On demurrer to complaint.

*C. M. Campbell*, for plaintiff.

*Teller & Orahood*, for defendant.

BREWER, J. In *Lyon, Conservator of Edward S. Kelly, a lunatic,* v. *Union Pacific Railway Co.*, is a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The chief vice of the complaint, as I read it, is that there are too many words in it. It is very diffuse and prolix. I know that some people can shoot an idea at you in a single sentence, short and pithy, and others take a whole page to express the same idea. Of course the former is much pleasanter to examine, but the mere matter of form is not sufficient to sustain an objection to a complaint good in substance; and while it is not very easy to extract from this complaint the pith of it, I think it may be boiled down to about this: That the lunatic, whose conservator the plaintiff is, was an express messenger on the defendant's train. As such express messenger he has all the rights of a passenger without pay. He was riding on a mixed train. The train was made up of coaches; some belonging to the defendant and some to the Denver & Rio Grande Railway Company. The air brake apparatus of the respective coaches were different and not adjustable one to another, in consequence whereof, when the train stopped at Breckenridge and the locomotive was detached, the brakes were not set, and the train, by force of gravity, started off down a steep hill, and was thrown from the track, and Mr. Kelly injured. That is the first count. The second count is that the defendant negligently employed incompetent and unskillful agents and servants, and that one of these incompetent agents negligently left the train without setting the hand brakes; in consequence whereof, when the engine was detached, the train went off, the car was thrown from the track, and Mr. Kelly injured. The first count charges the use of defective appliances, and the second the negligent employment of unskillful agents and servants, in consequence of which Mr. Kelly, the lunatic, was injured. Now, if this is the gist and pith of this complaint and its two counts, I think it will have to be adjudged that it states a cause of action, and the demurrer will be overruled; defendant to answer in 20 days.